# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

DENNIS CURTIS,                           )
                                         )
      Petitioner,           )
                                         )
      vs.                   )      **Case No. 4:13cv00293 PLC**
                                         )
IAN WALLACE and                          )
CHRIS KOSTER,                            )
                                         )
      Respondents.          )

## ORDER

This matter is before the Court on Petitioner's notice of appeal and on the Eighth Circuit's order regarding such filing. (ECF Nos. 17 & 21.) The Eighth Circuit's order remanded Petitioner's case with directions to consider Petitioner's untimely notice of appeal as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). (ECF No. 21.)

### *Background*

This Court entered a memorandum and order on July 28, 2016, as well as a judgment on July 29, 2016, denying Petitioner's petition for writ of habeas corpus.. (ECF Nos. 15 & 16.) After the entry of final judgment, Petitioner had thirty days to file a notice of appeal. Bowles v. Russell, 551 U.S. 205, 207 (2007) (citing Fed. Rule App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a)). Thirty days from entry of the order and judgment was Monday, August 29, 2016.[1]

---

[1] A confined litigant satisfies the timely filing requirement by depositing a notice of appeal "in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c), 25(a)(2)(C). Petitioner is an inmate at Missouri's Southeast Correctional Center. Thus, for his notice of appeal to be timely, Petitioner needed to deposit his notice of appeal, addressed to the district court clerk, in the prison's internal mail system on or before August 29, 2016.

Petitioner filed a notice of appeal on December 12, 2016. (ECF No. 17.) In the notice, Petitioner acknowledged: "This notice of appeal is procedurally barred since it was due [the] 28th day of August 2016[.]" However, he alleged he had "cause to excuse the procedural default" because he "was placed in a restrictive housing unit on" July 6, 2016, "released from ad[ministrative] seg[regation] on November 30, 2016," and "mailed this notice of appeal on December 6, 2016." (Id.)

By letter dated December 13, 2016, the Eighth Circuit Clerk sent the district court clerk a letter directing that Petitioner's enclosed notice of appeal be processed as "filed in the district court as of . . . December 12, 2016." (Id.) On December 22, 2016, the Eighth Circuit remanded the case "for the limited purpose to the district court for its consideration of the notice of appeal as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6)." (ECF No. 21.) This Court subsequently ordered both parties to file any evidentiary material and argument to support their position with respect to: (1) the date Petitioner received notice of entry of the order and judgment denying him habeas relief; and (2) whether granting Petitioner's motion would prejudice Respondents. (ECF No. 22.)

Petitioner filed a memorandum in support of his motion to reopen the time to file an appeal, alleging that he did not place his notice of appeal in the prison's internal mail system on or before August 29, 2016 because "not only was Petitioner deprived of access to pen, paper, stamps and access to the law library during ad-seg, he did not receive notice of the entry of the judgment 'within 21 days after entry' under Rule 4(a)(6)(A)." (ECF No. 23.) According to Petitioner, he "received the entry of judgment on September 19, 2016[,] which was 52 days after

the entry of judgment."[2]  (Id.)  Petitioner attributed the delayed notice to "inadequate prison staff that mishandled this petitioner's legal mail."[3]  (ECF No. 23.)

Respondents filed suggestions in opposition to Petitioner's motion to reopen the time to file an appeal. (ECF No. 25.)  Respondents argued the Eighth Circuit erred in remanding Petitioner's case because Petitioner's notice of appeal, which the Court is treating as a motion to reopen, failed to allege the elements required by Rule 4(a)(6).  (Id.)  Respondents further argued that Petitioner's motion to reopen the time to file an appeal should be denied "because he actually received notice of the entry of this Court's order and judgment on August 1, 2016 and August 2, 2016, and, even if he did receive notice on September 19, 2016, he should have filed his motion by October 3, 2016."[4]  (Id.)  Finally, Respondents assert that, even if Plaintiff received notice on September 19, 2016, the Court must deny his motion because Fed. R. App. P. 4(a)(6) requires the movant file the motion to reopen "within 180 days after the judgment or order is entered *or* within 14 days after the moving party receives notice . . . of the entry, *whichever is earlier*."  (ECF No. 25) (emphasis in original) (quoting Fed. R. App. P. 4(a)(6)(B)). Fourteen days after September 19, 2016 was October 3, 2016.  (Id.)

## *Discussion*

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

---

[2]  In support of his allegations, Petitioner submitted a legal mail receipt form (ECF No.23, Exhibit A), which he claims he signed on September 19, 2016.  However, this exhibit does not contain Petitioner's signature and bears the date January 4, 2017.

[3]  To demonstrate that the prison was short-staffed, Petitioner filed offender council meeting minutes from December 2016 (ECF No. 23, Exhibit B) and call-out schedule from January 8, 2017 (ECF No. 23, Exhibit C).

[4]  In support of their position, Respondents submitted legal mail receipt forms signed and dated by Petitioner on August 1, August 2, December 16, and December 28, 2016.  (ECF No. 25-1.)

(A)   the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)   the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)   the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  See also 28 U.S.C. § 2107(c).  These time limitations are "mandatory and not susceptible to equitable modification."  Bowles, 551 U.S. at 208.[5]

Here, the Court entered the memorandum and order and the judgment denying Petitioner's habeas petition on July 28 and 29, 2016.  Respondents have presented evidence that Petitioner received notice of these entries on August 1 and 2, 2016.  Accordingly, Petitioner received notice of the entry of judgment within twenty-one days after entry and is therefore not entitled to relief under Federal Rule of Appellate Procedure 4(a)(6).  See Fed. R. Civ. P. 4(a)(6)(A).

Even if the Court were to accept Petitioner's assertion that he did not receive notice of the judgment until September 19, 2016, Petitioner is not entitled to the relief sought in his motion. Under Rule 4(a)(6), a party seeking to reopen the time to appeal must file his or her motion "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier[.]"  Fed. R. App. P. 4(a)(6).  Assuming, arguendo, that Petitioner received notice on September 19, 2016, he was required to file his motion to reopen the time to file an appeal by October 3, 2016.  Petitioner did not file the motion to reopen time to appeal until December 6, 2016.  Accordingly, Petitioner's motion is denied.

---

[5]  "Rule 4 of the Federal Rules of Appellate Procedure carries § 2107 into practice."  Bowles, 551 U.S. at 208.  In Bowles, the Supreme Court held that, statutory time limits for taking an appeal are jurisdictional and "this Court has no authority to create equitable exceptions to jurisdictional requirements[.]"  Bowles, 551 U.S. at 210, 214.

**IT IS HEREBY ORDERED** that Petitioner's motion to reopen the time to file an appeal (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall forward this Order to the Eighth Circuit. <u>See</u> Eighth Circuit Order, filed December 22, 2016 (ECF No. 21).


_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE


Dated this 2nd day of March, 2017.